**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: March 3, 2021
Date Decided: June 17, 2021

Glenn Mandalas, Esq.
Stephen A. Spence, Esq.
Catherine Cramer, Esq.
Brian DeMott, Esq.
Baird Mandalas Brockstedt, LLC
1413 Savannah Road, Suite 1
Lewes, DE 19958

Charles E. Davis, Esq.
Saul Ewing Arnstein & Lehr LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801

Timothy Willard, Esq.
Fuqua, Willard, Stevens & Schab, P.A.
26 The Circle,
Georgetown, DE 19947

Dan McAllister, Esq.,
Michael Hoffman, Esq.
Tarabicos Grosso, LLP
One Corporate Commons
100 West Commons Boulevard, Suite 415
New Castle, DE 18720

RE: *City of Lewes v. Jerry Frank Peter, Jr.*,
C.A. No. 2020-0390-SG

Dear Counsel:

This matter involves an action by the Petitioner City of Lewes (the "City") to prevent a homeowner, the Respondent, Jerry F. Peter Jr., whose property lies just outside of City limits, to tie into the City sewage system. A permit for that action has been granted by the putative Intervenor, the Lewes Board of Public Works (the "BPW"). At a hearing on March 3, 2021, I held argument on the City's motion for a temporary restraining order as well as BPW's Motion to Intervene. In a bench

ruling, I denied the TRO request. I also denied the Motion to Intervene, and instead subsequently asked a member of the Delaware Bar, Charles Davis, Esq., to appear as an *amicus* to present the interests of the BPW and citizens of Lewes, going forward. I denied the Motion to Intervene on grounds of *res judicata* but promised the parties to reduce that decision to writing to facilitate a potential appeal. This Letter Order represents the fulfillment of that promise. I consider it a partial final order with respect to the BPW's interest in intervention.

The history of the controversy between the City and the BPW over authority to make decisions involving provision of utilities is presented ably in *BPW v. Lewes* (the "Superior Order"),[1] a decision of the Superior Court issued on January 27, 2020; interested readers are referred thereto for more detail. Briefly, both the City and the BPW are independent, chartered entities of the State of Delaware.[2] The BPW is charged in its charter to "establish, to control and to regulate" utilities in Lewes, and to provide such services as it finds appropriate to properties inside, and within two miles of, the city limits.[3] On June 24, 2019, the City passed a resolution (the "June 24 Resolution") prohibiting the BPW from providing utilities outside the city, unless

---

[1] *Board of Public Works of the City of Lewes v. City of Lewes*, 2020 WL 532968 (Del. Super. Ct., January 27, 2020) [hereinafter "Superior Order"].

[2] *Id.* at *1.

[3] *Id.* at *2; *see* 77 Del. Laws. c. 10 (Apr. 9, 2009). The BPW charter was last updated in 2015. *See* Lewes BPW, https://lewesbpw.delaware.gov/bpw-charter-and-bylaws/ (last visited June 16, 2021). That update only amended the charter relating to terms of office for directors, however. 80 Del. Laws c. 102 (July 15, 2015).

the owner agreed to annexation into the City. The resolution was meant to reinstate the BPW prior practice of requiring annexation as a condition of receiving utilities, a policy the BPW has abandoned.[4] The BPW rejected the City of Lewes resolution as *ultra vires* and an improper infringement on its own specific rights and duties under its own charter. It brought a declaratory judgment action in Superior Court (the "Superior Action"). The City moved to dismiss, and the BPW filed a cross-motion for summary judgment, resulting in the Superior Order.

In the Superior Order, the court addressed the City's contention that the BPW lacked standing to bring this action. The court considered the BPW Charter, the source of that body's authority to act, closely. The Superior Order provides:

> In support of its standing to bring this suit, the BPW points to previous cases in which the BPW was a party in its own right. However, I find these cases unhelpful in this instance as the BPW's standing did not appear to be raised as an issue, and was therefore not discussed, in either case.
>
> Notably, the BPW Charter lacks a general provision granting it the authority to sue and be sued. This stands in contrast to the Lewes Charter, which grants the City the ability "to sue and be sued, plead and be impleaded, answer and be answered, defend and be defended in all courts of judicature whatsoever . . . ." The BPW Charter only mentions the ability of the BPW to sue or be sued under a few, specific circumstances.
>
> First, the BPW Charter allows the BPW to file liens against real property "for the non-payment of utility rents, fees, rates, assessment charges or any other charge, or fee . . . ." To collect such fees or charges,

---

[4] Superior Order, at *2.

3

the BPW is authorized to foreclose on a lien according to the rules and procedures of this Court.

Second, the BPW is authorized to levy monetary fines or penalties for violations of its rules and regulations. The BPW may attempt to collect such penalties either "administratively or in a court of competent jurisdiction."

Third, the BPW Charter directs the BPW to indemnify its directors or officials in any suit arising out of their good faith actions taken in connection with the performance of their official duties. However, the BPW is explicitly permitted not to indemnify such parties in actions "by or in the right of the BPW itself."

Fourth, the BPW Charter provides that no suit or proceeding for damages may be "brought or maintained against the City on behalf of the BPW" unless proper notice is given within one year of the date of the injury.

Taken together, the provisions discussed above only contemplate a few specific scenarios in which the BPW may sue. Most importantly, the BPW is only expressly authorized to bring actions against parties that owe it money as well as its own directors and officials. Although less relevant to the issue in this case, I do note that when it comes to being sued, the BPW Charter implies that the BPW and the City are to defend such actions together, in the name of the City.

I am unable to find any other language in the BPW Charter even so much as hinting that its drafters intended for the BPW to have the general authority to sue and be sued. While it may be arguable whether this lack of language represents a legislative oversight, I reject the BPW's contention that it creates a statutory ambiguity. Read plainly, the BPW Charter only authorizes the BPW to sue rate-payers for fees and penalties or its own directors or officers for actions made in bad faith. If the General Assembly intended to provide the BPW with the general authority to sue or be sued then it is up to that body to amend the BPW Charter. It would be inappropriate for this Court to create such a provision out of whole cloth, and I decline to do so here.

4

Accordingly, I find that the City is entitled to dismissal of this action due to the BPW's lack of standing.[5]

The BPW did not appeal the Superior Order, and it is now final.

In the instant action, Peter received a permit from the BPW to access City utilities, notably its sewage system. Because his property is in an unincorporated area of Sussex County, and because he has declined annexation, those permits do not comply with the June 24 Resolution. The BPW had an agent ready to tie Peter's house into the City sewage system, and the City sued Peter to enjoin his use of the system.

The BPW moved to intervene to assert that its permits are valid and that the June 24 Resolution is *ultra vires*—precisely the issue the BPW attempted to litigate via the Superior Action. The City raises the Superior Order as *res judicata* of the BPW's standing. I find that the City is correct, and that the Motion to Intervene must accordingly be denied.

For *res judicata* to bar a claim, five factors must apply:

(1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.[6]

---

[5] *Id*. at *4 (citations omitted).
[6] *LaPoint v. AmerisourceBergan Corp.*, 970 A.2d 185, 192 (Del. 2009) (citation omitted).

5

Here, that test is, manifestly, met. The City and BPW are citizens of Delaware, and the Superior Court had personal and subject-matter jurisdiction over the parties in the Superior Action. Those same parties are before me on the Motion to Intervene. The issue the BPW seeks to insert is the alleged inability of the City to interfere with the BPW's right, under its charter, to make utility decisions for properties in, and within two miles of, Lewes. Here, the City defends by raising the BPW's lack of standing to bring its action, the exact defense and exact issue addressed in the Superior Order. The decree in that action is final.

For the reasons above, and for the reasons stated from the bench in my ruling of March 3, 2021, I find that the BPW is precluded from re-litigating the issue of its power under its charter to maintain this action, and the Motion to Intervene is denied. An Order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:     All counsel of record (by *File & ServeXpress*)

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

CITY OF LEWES, )
)
    Petitioner, )
)
  v. ) C.A. No. 2020-0390-SG
)
JERRY FRANK PETER, JR., )
Individually and as Trustee of )
The Stillwater Freedom Trust, )
)
    Respondent. )

## <u>ORDER</u>

IT IS HEREBY ORDERED:

1. The Motion to Intervene by the Lewes Board of Public Works is DENIED.

IT IS SO ORDERED.

*/s/ Sam Glasscock III*
Vice Chancellor
Dated: June 17, 2021

7